**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIE MORRIS JONES,

      Petitioner - Appellant,

v.

LENORA JORDAN, Warden,

      Respondent - Appellee.

No. 02-6194
D.C. No. CIV-02-390-M
(W.D. Oklahoma)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This is a pro se § 2254 prisoner appeal. Mr. Jones was convicted of first

degree rape in 1984. The Oklahoma Court of Criminal Appeals affirmed the

---

<sup>*</sup>This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conviction on November 17, 1988. Mr. Jones applied for state post-conviction relief on April 4, 1997. Relief was denied, and Mr. Jones did not appeal the decision.

The instant habeas petition was deemed filed no earlier than March 18, 2002. In his habeas petition, Petitioner raised five arguments: ineffective assistance of counsel; jury's improper consideration of the possibility of parole; prosecutor's improper conduct at trial; cruel and unusual punishment; and insufficient evidence. The district court ordered Mr. Jones to show cause why the petition should not be summarily dismissed for expiration of the statute of limitations. In response to the show cause order, Petitioner argued equitable tolling based on actual innocence and legal disability and violation of the suspension and *ex poste facto* clauses of the Constitution.

Mr. Jones's petition was filed more than four years after the expiration of the limitations period. In a well-reasoned opinion, the magistrate judge recommended that the petition be dismissed based on the expiration of the limitations period. After consideration of Petitioner's objections, the district court adopted the recommendation and dismissed the petition holding that the circumstances of this case did not warrant equitable tolling. Finding no merit in any of Mr. Jones's arguments, the district court declined to grant him a certificate of appealability. Petitioner then applied to this court for a certificate of

appealability.

In order for this court to grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2002). To meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

We have carefully reviewed Mr. Jones's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's brief raises an issue which meets our standards for the grant of a certificate of appealability. For substantially the same reasons as set forth by the district court in its Order of June 4, 2002, adopting the magistrate's judge's Report and Recommendation, we cannot say that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Id. We **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-